**PARKER DRILLING COMPANY,**
Appellant,

v.

**R. G. FERGUSON, Appellee.**

**No. 25088.**

United States Court of Appeals
Fifth Circuit.

March 19, 1968.

W. O. Shafer, James M. O'Leary, Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, Tex., for appellant.

Warren Burnett and Robert D. Pue, Odessa, Tex., for appellee.

Before RIVES, GEWIN and THORNBERRY, Circuit Judges.

PER CURIAM:

In this diversity case the appellee obtained a jury verdict and judgment arising out of a collision in which appellant's pickup truck driven by one of its employees ran into the rear end of appellee's automobile which was stopped behind other vehicles at a street intersection. The lead automobile was waiting to make a left turn. The automobile here involved was driven by the appellee's wife who claimed she sustained personal injuries as a result of the collision. The collision occurred about mid-day during a light rain.

The appellee's wife, Barbara Ferguson, testified that she saw the truck about a half block to her rear, that it switched lanes so that it was in the same lane of traffic as her vehicle. She stated that the brake signal lights on the rear of her vehicle were operating properly and that her stop was not sudden. She said her vehicle and those in front of her were stationary when the appellant's truck struck the rear end of her automobile. She further testified that immediately after the collision the truck driver told her that he did not see her come to a stop. Mrs. Ferguson testified as to her claimed injuries, pain and suffering and disclosed the names of several physicians and chiropractors who had treated her. The appellee also presented several witnesses who were friends and neighbors who testified as to Mrs. Ferguson's complaints and pain and suffering. The appellant offered no evidence.

The appellant claims that the trial court committed the following errors: (1) permitting counsel for appellee, in his opening statement to the jury, to advise the jury that since the collision Mrs. Ferguson had been willing to submit to a physical examination by any physician of appellant's choice, and to elicit testimony from her to the same effect; (2) submitting to the jury issues of negligence with respect to a timely application of brakes, following too closely and driving at an excessive rate of speed; (3) giving improper instructions to the jury as to the burden of proof; and, (4) refusing to give appellant's special requested instructions to contributory negligence in connection with failing to keep a proper lookout and failing to give a signal of intention to stop. The appellant made no motion for a directed verdict or for judgment N.O.V. There was a motion for a new trial.

We have carefully examined the entire record before us and have given full consideration to the contentions of the parties as set forth in their excellent briefs and emphasized on oral argument. Having given full consideration to the facts and circumstances as they developed, we are unable to conclude that the trial court abused its discretion or committed any procedural error in the conduct of the trial. Likewise, we have analyzed the court's instruction to the jury and consider the same a fair statement of the applicable law and issues to be decided and that it was sufficiently adequate and complete to permit the jury to reach a proper verdict for either of the parties.

We find no error in the record and the judgment is affirmed.